UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE WILLIAM JONES,

    Plaintiff,

v.

CASE NO. 1:10-CV-840

HON. ROBERT J. JONKER

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY ,

    Defendant.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 20), Defendant's Objections to the Magistrate Judge's Report and Recommendation (docket # 21), and Plaintiff's Response to Defendant's Objections (docket # 22). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself;  Defendant's objections; and Plaintiff's response to Defendant's objections.  The Magistrate Judge recommends that the Court reverse and remand the Commissioner's decision under sentence four of 42 U.S.C. § 405(g).  (Report and Recommendation, docket # 22, at 17.)  In particular, the Magistrate Judge points to three areas for the ALJ to address upon remand: Dr. Steury's opinions of February 2006 and May 2007; plaintiff's need for a cane; and any additional vocational evidence warranted.

Defendant objects that the ALJ adequately considered Dr. Steury's opinions.  Defendant speculates that the chronological inconsistencies in Dr. Steury's February 2006 opinions most likely result from clerical errors.  (Obj., docket # 21, at 1-2.)  Defendant adds that [t]he exact date the letters were written has no bearing on the fact that the ALJ properly gave them little weight as the determination of disability is the sole province of the Commissioner." (*Id.* at 2.)  However, the ALJ gave controlling weight to opinion evidence from February 2006 and May 2007.  (A.R. 34.)  The ALJ noted that in February 2006 and May 2007, "Dr. Steury opined the claimant was not able to work as a truck driver . . . This opinion is explained by Dr. Steury's reports and is consistent with the record as a whole.  Therefore the undersigned adopts this opinion and gives it controlling weight." (*Id.*)  The ALJ went on to reject Dr. Steury's June 2008 opinion that Plaintiff was completely disabled from gainful employment. (*Id.*)  No one is suggesting that Dr. Steury's reports trump the ALJ's findings in determining whether disability exists under the applicable Social Security regulations.  But here, the ALJ has given some of Dr. Steury's reports controlling weight,

while rejecting others, and the ALJ needs to address the chronological inconsistencies in those reports.  The Court agrees with Defendant that to the extent Dr. Steury opines that Defendant is unable to work as a truck driver, the opinion is consistent with that of the ALJ.  But this does not change the fundamental point that because Dr. Steury's reports are internally inconsistent, and the ALJ nowhere reckons with the inconsistencies, the ALJ's decisions to credit or reject the reports lacks support.

Defendant also objects to the Magistrate Judge's finding that the ALJ erred by failing to account for Plaintiff's use of a cane in the residual functional capacity analysis.  Defendant claims that the ALJ did factor Plaintiff's use of a cane into his analysis, because "the ALJ took note of Plaintiff's use of a cane in three different places in his decision, and he directly asked Plaintiff about his use of a cane at the hearing." (Obj., docket # 21.)  Acknowledging Plaintiff's use of a cane is not the same thing as taking cane use into account in the RFC analysis.  It is undisputed that the ALJ acknowledged Plaintiff's use of a cane.  The problem is that the ALJ did not include the use of the cane in carrying out the RFC and offered no explanation for omitting the use of the cane in that analysis.  The Magistrate Judge correctly points out that while "[t]he ALJ found that Plaintiff could perform light work, which by definition requires lifting up to 20 pounds, Plaintiff's use of a cane could affect his ability to perform such work." (R. and R., docket # 20, at 9.)  The ALJ should have addressed the use of the cane in the RFC analysis.

The Court concludes that the Report and Recommendation (docket # 20) is factually sound and legally correct.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 22) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should address Dr. Steury's opinions of February 2006 and May 2007; address Plaintiff's need for a cane; and obtain additional vocational evidence if warranted.


Dated:      March 21, 2012              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE